UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of<br>ARBITRATION OF DISPUTES<br><br>between<br><br>LAUNDRY, DRY CLEANING WORKERS AND<br>ALLIED INDUSTRIES HEALTH FUND, UNITE HERE!<br>LAUNDRY, DRY CLEANING WORKERS AND ALLIED<br>INDUSTRIES RETIREMENT FUND, UNITE HERE!,<br>Petitioners,<br><br>and<br><br>JUNG SUN LAUNDRY CORP.,<br>Respondent. | 07 CIV. 2969 (SAS) |

MEMORANDUM OF LAW IN SUPPORT OF

PETITION TO CONFIRM ARBITRATION AWARD

Factual Background

The facts relevant to the instant memorandum are fully recited in the accompanying Petition of Mark Schwartz, duly verified the 11th day of April 2007.

INTRODUCTION

This proceeding has been brought to confirm an arbitration award dated February 27, 2007, in which Philip Ross (hereinafter, the "Arbitrator"), found that Jung Sun Laundry Corp. (hereinafter, the "respondent"), was obligated by the terms of a Collective Bargaining Agreement to make employee benefit contributions to the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, UNITE HERE! Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, UNITE HERE! (hereinafter, the "Fund"), and granted the Trustees of the Fund (hereinafter, the "Petitioners"), recovery as to delinquent amounts. For the reasons set forth below, this court has jurisdiction over the subject matter and over the person of the Respondent and is therefore the proper forum for a Petition to Confirm that Arbitration Award.

<u>POINT I</u>

THIS COURT HAS SUBJECT MATTER<br><u>JURISDICTION HEREIN</u>

Section 515 of the Employee Retirement Income Security Act of 1974, as amended (hereinafter, "ERISA"), 29 USC 1145, provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to them extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

As found by the Arbitrator, Respondent has failed to make contributions to the Fund required by a Collective Bargaining Agreement in accordance with the Agreement.

Section 502(a)(3), (B)(i), 29 USC 1132 9(a)(3), (B)(i), states that:

> A civil action may be brought by a Participant, beneficiary or fiduciary to redress such violations (of title I of ERISA, 2-608, 29 USC 1001-1168).

As fiduciaries of the Fund, Petitioners have standing to bring this proceeding, which seeks redress of Respondent's violation of section 515.

This court has jurisdiction to hear this proceeding under section 502(f), which provides:

> The district courts of the United States shall have jurisdiction, without regard to the amount in controversy or citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action.

As shown above, this is an action for relief under subsection (a) of 502.

The Petitioners also bring this Petition pursuant to Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. Section 185(a). Section 301(a) vests the federal courts with the power and jurisdiction to confirm an arbitration award made in accordance with a collective bargaining agreement in the labor relations context. <u>Sheet Metal Contractors Assoc. of New York City v. Local Union No. 28 of N.Y.</u>, 301 F. Supp. 553 (S.D.N.Y. 1969).

It is well established that agreements requiring employee benefit contributions are contracts within the meaning of Section 301(a), Savoretti v. Hotel & Restaurant Emp. and Bartenders, 407 F. Supp 1286 (S.D.N.Y. 1979), and that trustees of an employee benefit fund may maintain an action under that section. Whelan v. Colgan, 602 F. 2nd 1060 (2d. Cir. 1979). [See also, Santos v. District Council of New York City, etc., 619 F. 2d 963 (2d. Cir. 1980)], holding that the prevailing party in a labor arbitration proceeding may seek court enforcement of the award under Section 301(a).

### POINT II

### THIS COURT HAS PERSONAL JURISDICTION OVER RESPONDENT

Section 502(e)(2) of ERISA, 29 USC 1132(e)(2) provides:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district Where the plan is administered, where the breach took place, or where defendant resides or may be found, a process may be served in any other district where defendant resides or may be found.

As stated in the Petition, Petitioners' sole place of business, and the place from where the plan is administered, is within the Southern District of New York. Thus, venue is proper in this court.

The last clause of section 502(e)(2) authorizes nationwide service of process on a defendant, regardless of the district in which the action is brought. See Rodd v. Region Construction Co., 783 F. 2d 89 (7th cir 1986). As Respondent was served with process within the district of New York this court has obtained personal jurisdiction. Service of the Petition to Confirm the Arbitration Award was made in the manner consented to by the Respondent in its Collective Bargaining Agreement. Section 35 (C) of Respondents Collective Bargaining Agreement provides:

> The parties consent that any papers, notice or process, including subpoenas necessary or appropriate to initiate or continue an arbitration hereunder, or to enforce or confirm an award may be served by ordinary mail directed to the last known address of the interested parties or their

attorneys. The service of any other notices that may be required under Civil Practice Law and Rules is hereby expressly waived.

Service of process by mail is sufficient if the party has agreed and such service by contract. See <u>Hearst</u> & <u>Entertainment</u> v.<u>Multichannel</u> <u>Distributors</u>, 1997 WL 72150 SDNY 1997, <u>Lawn</u> v. <u>Franklin</u> 328 F. Supp 791 SDNY 1971, 794 where the court allowed service of process by mail to confirm an arbitration award. This court has personal jurisdiction over the Respondent.

<u>POINT III</u>

<u>THE FUND IS ENTITLED TO RECOVER
PRE-JUDGMENT INTEREST AND
LIQUIDATED DAMAGES, TOGETHER
WITH COSTS AND ATTORNEY FEES</u>

ERISA Section 502(g)(2), 29 USC 1132(g)(2) provides, in pertinent part:

(2) In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515, in which a judgment in favor of the plan is awarded, the court shall award the plan

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of --

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan...

(D) reasonable attorney fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan.....

As demonstrated above, this Petition is an action to enforce Section 515 of ERISA.

The Plan Rules for the Fund (Exhibit B to Petition) provide for interest at the rate of 18% on all sums due and liquidated damages equal to 20% of the delinquent contributions.

The Arbitrator has already awarded the Fund liquidated damages and interest up to the date of the Arbitration Award. Pursuant to Section 502(g)(2), however, the Fund is also entitled to interest and liquidated damages on the past due amount through the date of judgment. In addition, the Fund should recover its reasonable costs and attorney fees incurred in connection with this Petition.

### CONCLUSION

PETITIONERS' PETITION SHOULD BE GRANTED AND AN ORDER ISSUED CONFIRMING THE ARBITRATION AWARD AND DIRECTING ENTRY OF JUDGMENT, IN THE AMOUNT OF $36,676.79 TOGETHER WITH 18% INTEREST AND 20% LIQUIDATED DAMAGES, FROM THE DATE OF THE ARBITRATION AWARD TO THE DATE OF JUDGMENT, PLUS COSTS AS PROVIDED BY LAW.

Dated: April 18, 2007
      New York, New York

Respectfully submitted,

*[signature]*

Mark Schwartz, Esq. MS-0148
Attorney for Petitioners
730 Broadway, 10th Floor
New York, New York 10003
(212) 539-5275